NOT FOR PUBLICATION                                                              (Docket Entry No. 11)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MARY LYNN CLARK, | : | |
| Plaintiff, | : | Civil No. 11-2812 (RBK/AMD) |
| v. | : | **OPINION** |
| ACME MARKETS, INC., et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter, having been removed from the Superior Court of New Jersey, Cumberland County, by Defendants Acme Markets, Inc., et al. ("Defendants"), comes before the Court on the motion of Plaintiff Mary Lynn Clark ("Plaintiff") to remand. Because this Court finds that it has jurisdiction over this matter, Plaintiff's Motion to Remand will be denied.

**I. BACKGROUND**

Plaintiff brought this case against Defendants in the Superior Court of New Jersey, Cumberland County, on September 27, 2010. Plaintiff's Original Complaint named the corporate defendant Acme Markets, Inc., d/b/a Supervalu, Inc. ("Acme"), in addition to three individual defendants, Sloan Nichols, Matt Juhring, and Carl Mason (the "Individual Defendants"). Plaintiff served Acme with a Summons and copy of the Complaint on October 19, 2010. Acme filed an Answer on November 22, 2010. However, Plaintiff did not present any evidence that she had served any of the Individual Defendants. Accordingly, on February 18,

2011, the Superior Court issued notices to Plaintiff pursuant to New Jersey Court Rule 1:13-7(a) advising Plaintiff that her action against the Individual Defendants would be dismissed without prejudice within 60 days of the date of the notice unless Plaintiff properly served the Individual Defendants or took other appropriate action.

On April 21, 2011, the Superior Court sua sponte dismissed the Complaint without prejudice as to each of the three Individual Defendants pursuant to NJ Court Rule 1:13-7. Consequently, as of April 21, 2011, only Plaintiff and Acme remained in the case before the Superior Court. Plaintiff is a citizen of New Jersey, and Acme is a citizen of Delaware and Pennsylvania. Accordingly, on May 18, 2011, Acme filed a Notice of Removal in the District of New Jersey before this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. This Court filed an Order to Amend the Notice of Removal on June 8, 2011, and Acme properly alleged diversity jurisdiction in the Amended Notice of Removal filed on June 13, 2011.

Subsequently, on August 5, 2011, Plaintiff served a Summons and copy of the Complaint on Carl Mason. Both Plaintiff and Mr. Mason are citizens of New Jersey, such that diversity jurisdiction under 28 U.S.C. § 1332 would be destroyed if Mr. Mason were a party to the instant action. However, Plaintiff at no time sought to have Mr. Mason reinstated as a party to this matter.

On February 9, 2012, Plaintiff filed the instant Motion to Remand, arguing that because this Court does not have jurisdiction over this matter, this matter must be remanded to the Superior Court of New Jersey, Cumberland County. For the reasons discussed below, the Court finds that it does have jurisdiction at this time and therefore denies Plaintiff's motion.

II.   **DISCUSSION**

    A.   **Standard for Removal**

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1995). Where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. *See* Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."); Glenmede Trust Co. v. Dow Chemical Co., 384 F. Supp. 423, 433-34  (E.D. Pa. 1974) ("It is well settled that district courts should remand close or doubtful cases for two reasons. First, remand will avoid the possibility of a later determination that the district court lacked jurisdiction and, secondly, remand is normally to a state court which clearly has jurisdiction to decide the case.").

### B.     The Parties in the Present Case

The Court finds that Carl Mason is not a party to the case before the Court. While Plaintiff originally named Mr. Mason in the Complaint filed in the Superior Court of New Jersey, the Superior Court dismissed Mr. Mason as a party to this case pursuant to NJ Court Rule 1:13-7 on April 21, 2011. While Plaintiff has presented evidence of service of process on Mr. Mason as of August 5, 2011, Plaintiff has never sought to reinstate Mr. Mason as a party to the instant matter.

Under New Jersey Court Rule 1:13-7(a), a party may be reinstated by any of 1) submission of a consent order agreeing to the vacation of a party's dismissal from the action,

within 60 days of the order of dismissal; 2) a showing of good cause for reinstatement of the dismissed party, within 90 days of the order of dismissal; or 3) if filed after 90 days from the order of dismissal, a showing of exceptional circumstances as to why reinstatement of the dismissed party is warranted. Here, Plaintiff has failed to satisfy any of these three criteria for reinstating Mr. Mason as a party to this action. Specifically, Plaintiff has failed to present evidence that Mr. Mason has agreed to a consent order vacating his dismissal from this action. Plaintiff has further failed to show good cause or exceptional circumstances demonstrating why reinstatement of Mr. Mason at this juncture would be proper. Accordingly, Mr. Mason is not currently a party to this present action. Because Plaintiff and Acme, the only remaining named Defendant in this matter, have complete diversity of citizenship, this Court retains jurisdiction under 28 U.S.C. § 1332.

### III. CONCLUSION

Because this Court has jurisdiction under 28 U.S.C. §§ 1332, 1441(b), the Court denies Plaintiff's Motion to Remand. An accompanying Order shall issue today.

Dated: 6/27/12 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

4